# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | Edward A. Bobrick |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6981 | **DATE** | 4/12/2002 |
| **CASE TITLE** | 3Com Corporation vs. Electronic Recovery Specialists | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Defendants Electronic Recovery Specialists and Davis Gilbert's motion to compel, or in the alternative for sanctions or other relief is granted. We defer to the court the issue of what sanctions should be imposed, including the awarding of fees, against plaintiff for its lack of reasonable diligence in following this court's order of October 15, 2001. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 15 2002 | |
| | Docketing to mail notices. | | date docketed | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 4/12/2002 | |
| | | | date mailed notice | |
| TH ✓ | courtroom deputy's initials | | TH | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 3COM CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 99 C 6981 |
| ) | Judge James B. Moran |
| ELECTRONIC RECOVERY ) | Edward A. Bobrick, |
| SPECIALISTS, INC., DAVIS GILBERT, ) | Magistrate Judge |
| and LEONARD CALDWELL, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
APR 1 5 2002

## MEMORANDUM ORDER

Before the court is ELECTRONIC RECOVERY SPECIALIST AND DAVIS GILBERT'S MOTION TO COMPEL, OR IN THE ALTERNATIVE FOR SANCTIONS OR OTHER RELIEF. In their motion, defendants Electronic Recovery Specialist ("ERS") and Davis Gilbert ("Gilbert") seek an order dismissing the complaint, or in the alternative an order compelling plaintiff to fully answer outstanding discovery. Defendants also seek an award of attorneys fees for bringing their motion.

### I. BACKGROUND

Plaintiff, 3Com Corporation ("3Com") brought the instant action against ERS and Gilbert alleging, among other things, a breach of contract and fraud emanating from an alleged scheme of Gilbert and former 3Com employee, and co-defendant, Leonard Caldwell ("Caldwell") whereby they fraudulently understated the amounts of precious metal scrap that ERS obtained from 3Com

under an exclusive purchase contract. The contract provided that ERS pay 3Com a certain dollar amount for each pound of scrap taken. 3Com alleges that ERS did not pay fully for all precious metal scrap taken. 3Com alleges this resulted in an underpayment for scrap taken by ERS in an amount well over $450,000 since ERS had the exclusive right to all of 3Com's scrap and that it exclusively took possession of all its precious metal scrap. As proof of the collusion between ERS and Caldwell in undercounting the poundage of precious metal scrap taken by ERS from 3Com, it shows checks written by Gilbert directly to Caldwell for the scrap. These checks are used to calculate, in part, 3Com's loss and to establish the existence of the scheme of taking more scrap then 3Com was being paid for. Defendant ERS and Gilbert deny the accusations and deny the amount of the loss calculated by 3Com. In pursuing their defense, defendants learned that other third parties had purchased scrap from 3Com during the period of ERS' exclusive purchase agreement, and that there existed the possibility that the method of payment for the scrap to 3Com by these third parties may have been the same as that which Gilbert and ERS followed - - checks written directly to Caldwell as payee.

These facts came to light at a deposition of Caldwell, at which he testified that during the period when ERS had an exclusive contract for purchasing 3Com's precious metal scrap, 3Com had nonetheless sold this scrap to other entities in violation of the exclusive contract. (So much for 3Com's Breach of Contract claim). In view of this testimony, ERS served 3Com with supplemental discovery, asking 3Com to "specifically identify individuals who had contracts for hauling." Initially 3Com refused to answer ERS' interrogatories, as being "irrelevant, immaterial, vague, overly broad, unduly written, and repetitive." 3Com was later ordered to do so when on October 15, 2001, this court granted ERS's MOTION TO COMPEL and 3Com was ordered to answer the interrogatories

2

by November 12, 2001. In November, 3Com's answers given to the interrogatories were, however, less than complete and indeed evasive, to wit: that it had no information and that "3Com is continuing to investigate this matter and will produce any additional documents if and as they are discovered." As the information sought by the defendants was believed to be essential to their defense, they undertook their own search and did locate at least one entity that had purchased scrap material from 3Com during the period of ERS' exclusive purchase contract with it. It appears the information was easily available once the Caldwell deposition revealed the existence of other purchasers of the precious metal scrap from 3Com. Yet, 3Com failed to provide the information and made little effort to find it. Records of other scrap purchases could reasonably be found among 3Com's records - - after all it had ERS' invoices to support its claims. It was this total failure of 3Com to produce any information or any records of the scrap sold to other entities, when such sales in fact existed, that gave rise to ERS and Gilbert's current motion.

## II. **DISCUSSION**

### A. **Timeliness**

3Com argues that defendants have proceeded in an untimely manner. But it was only at the deposition of Caldwell that it was learned that 3Com had sold precious metal scrap to other third parties contrary to the provisions of its exclusive contract with ERS. It was then that defendants served written discovery concerning 3Com's selling of scrap to other entities. Interrogatories were served in a timely manner within the discovery period and could have been answered by plaintiff within the discovery period. Plaintiff choose not to answer the discovery, but instead, in its usual manner, served general objections to the discovery. It was only after 3Com was ordered to file

3

complete answers to the interrogatories that it made a response - - that response being totally inadequate. Defendant's discovery was timely and their motion was timely filed.

### B. Compliance with Federal Rule 37a(2)(A) And Local Rule 37.2

3Com argues that defendant's motion is not well taken in that there was no Local Rule 37.2 conference. 3Com conveniently ignores the fact that defendant's motion is not a discovery dispute but relates to non-compliance by 3Com with the court's order of October 15, 2001. There is no necessity for a Local Rule 37.2 conference when the discovery dispute deals with a party's failure to comply with an order requiring discovery responses.

Plaintiff was ordered to produce certain information, i.e., sales information and sale invoices of its precious metal scrap sold to third parties. It has invoices relating to sales to ERS; we fail to understand why it cannot produce invoices of other third parties that purchased scrap from it. 3Com's actions were in violation of this court's order, and not just another discovery dispute generated by plaintiff. No Local Rule 37.2 conference was necessary.

### C. Importance of Defendant's Discovery

3Com's claims and its calculation of damages arises, in part, from certain conclusions reached from the exclusive nature of ERS' scrap purchase contract, and the checks issued by ERS to Caldwell as payment for the purchased scrap. According to 3Com, the fraudulent acts became obvious because of ERS' direct payment to Caldwell rather than to 3Com. Defendants allege that the checks made payable to Caldwell were done so at his direction, within what ERS believed to be his authority, and that ERS was merely following the directions of 3Com's agent who apparently

4

had authority to indicate how payment for the scrap was to be made. Invoices uncovered by defendants from a third party that also purchased 3Com's precious metal scrap, may well show a similar pattern of payment for 3Com's scrap, all of which would give credence to defendant's assertions.

Likewise, if ERS was not the only purchaser of 3Com's scrap then 3Com's damage calculations need significant revision since it is predicated on the proposition that all of 3Com's scrap went to ERS. This being the case, 3Com's failure in its efforts to locate and produce the information relating to third party purchases of its scrap, particularly during the period when ERS had its exclusive contract, was highly prejudicial to ERS' defense in this case. It is reasonable to conclude that this discovery would ultimately find its way to the jury as evidence relating to ERS' credibility. The absence of this evidence would significantly impair defendants ability to respond to plaintiff's claim . . . and we conclude 3Com was fully aware of this.

### III. CONCLUSION

We believe that 3Com did not make a reasonable inquiry as to the identity of third party purchasers of its scrap, and as to the existence of documents showing such sales. Predictably 3Com, in attempting to formulate answers to defendant's supplemental interrogatories, as ordered, queried only those same individuals who previously showed a lack of knowledge of third party sales and the existence of invoices. No widened search was made. 3Com never went beyond asking the same individuals for information, which it knew they did not have. We believe 3Com had an obligation to responsibly investigate whether entities other than ERS bought precious metal scrap during the relevant period and whether documents existed showing these purchases. This it did not do and we

5

believe this inaction was purposeful. 3Com did not make a reasonable inquiry to adequately respond to defendants' written supplemental discovery and it should be sanctioned for this. We grant defendant's motion. We defer to the court the issue of what sanctions should be imposed, including the awarding of fees, against plaintiff for its lack of reasonable diligence in following this court's order of October 15, 2001.

ENTERED: _____
**EDWARD A. BOBRICK**
**U.S. Magistrate Judge**

**DATE:** April 12, 2002